| | |
|---|---|
| RAHEEM TAYLOR, ) ) Plaintiff, ) ) vs. ) ) MECKLENBURG COUNTY SHERIFF'S ) OFFICE, et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), and Plaintiff's Motion for Temporary Restraining Order/ Preliminary Injunction, (Doc. No. 8). He is proceeding *in forma pauperis*. (Doc. No. 7).

I.     **BACKGROUND**

*Pro se* Plaintiff Raheem Taylor, an inmate at the Mecklenburg County Jail, has filed civil rights action pursuant to 42 U.S.C. § 1983. He names as Defendants: the Mecklenburg County Sheriff's Office ("MCSO"); Mecklenburg County Sheriff Irwin Carmichael; Mecklenburg County Jail Mailroom Staff Hayden; Grievance Coordinator C.Y. Petway; and Sergeant J.W. Keese.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff began subscribing to *Prison Legal News* ("PLN")*,* which provides information and news stories regarding case law development and issues surrounding prison conditions of confinement, in June 2016. He discovered in January 2017, that the PLN issues from November and December 2016, and January 2017, had been summarily rejected by the prison without any valid penological interest and without notice of the rejection to either Plaintiff or the publisher. Defendants have failed to provide Plaintiff

1

with any rational basis to support their blanket ban on PLN, and merely state that prior issues of PLN contained unacceptable content. They are suppressing PLN to suppress its legal/political content which supports the rights of incarcerated individuals and contains commentary critical of penal institutions' practices and policies throughout the United States. Defendants engaged in a deliberate effort to disguise their animus towards PLN by providing vague responses when Plaintiff asked them to identify the specific material or subject-matter that is incompatible with the Mecklenburg County Sheriff's Office penological and/or rehabilitative objectives. The censorship was due to Defendants' personal prejudice rather than any legitimate interest. Plaintiff's inability to remedy the censorship was exacerbated by Defendants' failure to adopt, implement, and publish a procedural framework providing for notice when a publication is rejected, explanation for the specific basis upon which the publication was found objectionable, and a reasonable opportunity to appeal the rejection through established internal procedures. Sheriff Carmichael, who is the chief decision-maker for MCSO, was made aware of the circumstances surrounding the non-delivery of PLN and failed to take any steps to remedy the wrongdoing of MCSO staff, thereby allowing the censorship to persist. Defendants' actions violated free speech and due process.

He seeks declaratory judgment, injunctive relief, compensatory and punitive damages, and any further relief the Court deems just, equitable, and appropriate.

On September 22, 2017, Plaintiff filed a letter to the Court requesting a preliminary injunction/ temporary restraining order to prevent Defendants from banning, censoring, or otherwise obstructing delivery of PLN pending final resolution of this § 1983 action. (Doc. No. 8). He claims that he continues to be denied numerous copies of PLN, often without notice.

**II.     PRELIMINARY INJUNCTION/ TEMPORARY RESTRAINING ORDER**

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion

2

of the district court. Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). It is an extraordinary remedy that is never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20; Di Biase v. SPX Corp., 872 F.3d 224, 229 (4th Cir. 2017).

Reviewing Plaintiff's motion based on the above factors, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction. In support of his motion, Plaintiff states that he has been denied numerous issues of PLN, often without notice. However, Plaintiff fails to explain how he is being irreparably harmed during the pendency of the instant action. Nor does he show that he is likely to prevail in this action. Plaintiff has simply not shown that he is entitled to a temporary restraining order or a preliminary injunction, and his motion will therefore be denied.

### III.     INITIAL REVIEW STANDARD

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot

3

prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**IV.    DISCUSSION**

**(1)    Free Speech**

The First Amendment states that "Congress shall make no law … abridging the freedom of speech…." U.S. Const. Amend I. The First Amendment applies to the states through the

4

Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Procunier v. Martinez, 416 U.S. 396, 412 (1974); Turner v. Safley, 482 U.S. 78, 89-91 (1987); Pittman v. Hutto, 594 F.2d 407, 410 (4th Cir. 1979). When a prison restriction infringes upon an inmate's First Amendment rights, the alleged infringement "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979) (citing Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 129 (1977)).

In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90. Substantial deference is accorded to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them. Overton v. Bazzetta, 539 U.S. 126, 132 (2003). The burden is not on the State to prove the validity of prison regulations, but on the prisoner to disprove it. Id. Any regulation of speech must not be any more encompassing than necessary to further the penological interested involved. See Montcalm Publishing Corp. v. Beck, 80 F.3d 105, 108 (4th Cir. 1996) (citing Martinez, 416 U.S. at 424).

Plaintiff alleges that the Defendants violated his right to free speech by censoring a

publication to which he subscribed without the support of any legitimate penological objective. This claim is not clearly frivolous and is sufficient to pass initial review.

**(2)     Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). The Parratt-Hudson doctrine is limited to cases involving "a random and unauthorized act by a state employee, . . . not a result of some established state procedure." Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). When the challenge is to an "established state procedure," or when the deprivation is inflicted by a state official who is empowered to work deprivations and provide process where it is predictable when those deprivations might occur, the availability of a post-deprivation judicial hearing normally does not satisfy procedural due process. Id.; Zinermon v. Burch, 494 U.S. 113 (1990). The Parratt-Hudson doctrine does not apply when a municipal officer acts pursuant to a municipal policy or custom. Woodard v. Andrus, 419 F.3d 348 (5th Cir. 2005); Matthias v. Bingley, 906 F.2d 1047 (5th Cir. 1990).

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state

6

prisoner).

Plaintiff appears to allege that Defendants withheld issues of a publication to which he subscribed without notice or an opportunity to appeal. It is unclear at this juncture whether the Defendants' alleged actions were random or unauthorized, or the result of a Jail procedure. Therefore, Plaintiff's due process claim is not clearly frivolous and will be permitted to proceed at this time.

**V.      CONCLUSION**

For the reasons stated, herein, Plaintiff's motion for a temporary restraining order/preliminary injunction is denied, however, his Complaint passes initial review on the free speech and due process claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion for Temporary Restraining Order/ Preliminary Injunction, (Doc. No. 8), is **DENIED**.

2. Plaintiff's free speech and due process claims survive initial review under 28 U.S.C. § 1915(e).

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: December 1, 2017

Frank D. Whitney
Chief United States District Judge