IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
MECKLENBURG DIVISION
CASE NO.: 3:17-CV-208-FDW

| | |
|---|---|
| RAHEEM TAYLOR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MECKLENBURG COUNTY )<br>SHERRIFF'S OFFICE, et. al, )<br>)<br>Defendants. )<br>) | **OBJECTIONS TO DISCOVERY** |

Defendants hereby file an objection to Plaintiff's Requests for Interrogatories and Request for Production of Documents, dated January 26, 2018, and February 8, 2018, respectively. The Defendants respectfully request that the Plaintiff's requests for discovery be denied until such time as the Court rules on the Defendants' summary judgment motions.

### I. DISCOVERY SHOULD NOT BE ALLOWED UNTIL RESOLUTION OF DEFENDANTS' QUALIFIED IMMUNITY DEFENSE

The Defendants filed their Answer to the Plaintiff's Complaint on January 23, 2018. [Document 16]. Significantly, the Answer raised qualified immunity as an affirmative defense. [Document 16, p. 4].

On January 26, 2018, and February 8, 2018, the Plaintiff sent interrogatories and requests for production of documents to the Defendants. The Defendants

anticipate filing motions for summary judgment predicated, in part, on qualified immunity by the dispositive motion date of June 25, 2018. [Document 17]. Until such time as this motion has been ruled upon, discovery should not be allowed. As the U.S. Supreme Court has repeatedly recognized, Defendants asserting qualified immunity are entitled to a stay of discovery until the immunity question is resolved.

The qualified immunity analysis "is designed to 'spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.'" *Wilson v. Layne*, 526 U.S. 603, 309, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Thus, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *Harlow* recognized that staying discovery reduces the social costs associated with bringing suit against a public official, such as "expenses of litigation, diversion of official energy from pressing public issues, . . . the deterrence of able citizens from acceptance of public office," and the chilling effect on a public official's pursuit of official duties. *Id.* at 814. *See also Crawford-El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (noting that a court should first determine the qualified immunity question before permitting discovery); *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (same). In this way, qualified

immunity serves its laudatory goal of functioning as an "*immunity from suit* rather than a mere defense to liability." *Id.* at 526 (emphasis in original).

## II.  CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Plaintiff's Motions for discovery be denied until such time as the Court rules on the Defendants' summary judgment motions.

This the 26th day of February, 2018

/s/ Sean F. Perrin
WOMBLE BOND DICKINSON (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC  28202
Telephone:  (704) 331-4992
Facsimile:   (704) 338-7814
sean.perrin@wbd-us.com
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018, I mailed the foregoing **OBJECTIONS TO DISCOVERY** via United States Mail, postage prepaid, to:

>Raheem Taylor
>PID 449889
>Mecklenburg County Jail
>P.O. Box 34429
>Charlotte, NC  28234-4429

>>s/ Sean F. Perrin