# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-208-FDW

| | | |
|---|---|---|
| RAHEEM TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MECKLENBURG COUNTY | ) | |
| SHERIFF'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendants' Motion for an Order to Stay Discovery Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, (Doc. No. 19), and Objections to Discovery, (Doc. No. 18).

*Pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on claims that Defendants violated his rights to free speech and due process. See (Doc. No. 9). Defendants were served and filed an Answer raising a qualified immunity defense.[1] (Doc. Nos. 11-16). The Court entered a Pretrial Order and Case Management Plan closing discovery on May 23, 2018, and setting the deadline for filing dispositive motions on June 25, 2018. (Doc. Nos. 16, 17).

Defendants argue in the Motion to stay and Objections that discovery should be stayed until the deadline for filing dispositive motions expires because they have raised a qualified immunity defense in their Answer. (Doc. Nos. 18, 19).

The Federal Rules of Civil Procedure provide that a court may, for good cause, issue an

---

[1] The Answer states, verbatim, "The Defendants are entitled to qualify immunity in their individual capacities." (Doc. No. 16 at 4).

order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense including "forbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(a).

Qualified immunity is "an immunity from suit rather than a mere defense to liability…." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Accordingly, the Supreme Court has "repeatedly … stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam). Qualified immunity is an affirmative defense and "the burden of pleading it rests with the defendant." Crawford-El v. Britton, 523 U.S. 574, 586-87 (1998) (quoting Gomez v. Toledo, 446 U.S. 635, 639-41 (1980)). Raising qualified immunity in an answer does not suffice. Failure to raise a qualified immunity defense in a motion to dismiss, motion for summary judgment, or at trial, waives a qualified immunity defense and a court cannot consider it *sua sponte*. See generally Sales v. Grant, 224 F.3d 293 (4th Cir. 2000) (defendant who raised qualified immunity in a cursory reference in the complaint, failed to raise it in dispositive motions or at trial, may not pursue the claim of qualified immunity for the first time on remand after appeal); Buffington v. Baltimore Cty., 913 F.2d 133, 120-22 (4th Cir. 1990) (holding that a party abandoned its qualified immunity defense by failing to raise the issue clearly on motion for summary judgment; declining to address qualified immunity *sua sponte* on appeal);.

Defendants have raised qualified immunity as an affirmative defense in their Answer but have not yet asserted that defense in a Motion to Dismiss or Motion for Summary Judgment. All the cases upon which they rely to support a stay of discovery are cases where the defendants had raised qualified immunity in a dispositive motion. Plaintiffs state their intention to raise qualified immunity in a motion for summary judgment but have not yet done so and the issue is not yet before the Court for consideration. Defendants have not shown good cause to stay discovery at

this time and the Court will not consider such a request until such time as Defendants have presented their claim of qualified immunity in a dispositive motion.

For all these reasons, the Court denies Defendants' Motion to stay discovery and Objections to discovery based on a qualified immunity defense that is not yet before the Court for consideration.

**IT IS THEREFORE ORDERED THAT:**

(1) Defendants' Motion for an Order to Stay Discovery Pursuant to Rule 26(c), (Doc. No. 19), is **DENIED**.

(2) Defendants' Objections to Discovery, (Doc. No. 18), is **DENIED.**

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge